ELIZABETH R. B. KING, Appellant, *v.* SAMUEL B. DURYEA, Impleaded, etc., Respondent.

(Argued February 12, 1879; decided April 1, 1879.)

THIS action was brought by Elizabeth R. B. King, as sole plaintiff, against Samuel Bowne Duryea and several others, for the purpose of foreclosing a mortgage given by Duryea to the plaintiff, under the name of Elizabeth Rodman Bowne, (she then being unmarried) for the purpose of securing the payment of a bond of the same date executed by him, conditioned for the payment of $15,000, on the 1st of November, 1869. Samuel B. Duryea alone answered.

At the time the bond and mortgage were given, an action was pending in the Supreme Court, in which Elizabeth Rodman Bowne was plaintiff, and John Leveridge and Harmanus B. Duryea, as executors and trustees under the will of Gilbert W. Bowne, and Samuel B. Duryea were defendants. Elizabeth and Samuel were both interested in this will, and

Elizabeth was entitled to an equalization and division of the estate represented by it.     She sought to procure this and an accounting from the trustees by the action referred to. During the pendency of this action, and on the 12th of April, 1867, an agreement was entered into between the parties for a division of certain real estate, and it was thereby also provided that the plaintiff, Elizabeth, should receive the sum of $79,000 in bonds and mortgages to equalize her estate, according to the will of said Gilbert W. Bowne, with the estate of Samuel Bowen Duryea, and "in case, after the equalization of their respective accounts with the estate of Gilbert W. Bowne, the trustees should not have sufficient personal estate to pay that sum," then it was provided that Samuel Bowne Duryea should give to Elizabeth bonds and mortgages sufficient in amount to make up the balance.     On the 2nd of December, 1867, a judgment, by consent of the attorneys for the respective parties, was entered in the action, by which it was recited, in substance, that upon an adjustment of accounts between Samuel and Elizabeth, it appeared that he was "only indebted to" her in the sum of $36,333.03, to make good to her the sum of $79,000 stated in said agreement; and it was adjudged that he should execute to her bonds and mortgages to the amount of $36,333.03.     After this judgment, and on the 6th of March, 1868, the bond and mortgage in question was executed and delivered.     The mortgage contains a statement that it is "in part payment of the sum of $36,333.03," ordered by the above described judgment to be paid.     The plaintiff subsequently brought an action to have the agreement of April 12th and the judgment of December 2, 1867, vacated for fraud and an accounting.     In 1872, she obtained judgment setting aside the judgment of December 2, 1867, as to her; but the agreement was confirmed and an accounting ordered.     The defendant by answer in the present action set up the last described judgment as a defense to the bond and mortgage, asking that they be canceled or that the whole matter be referred to a referee, the bond and mortgage in the meantime to abide the result of the accounting ordered to be taken by the judgment

of 1872.    Upon trial at Special Term, the court directed judgment for the plaintiff for foreclosure of the mortgage, and the defendant appealed to the General Term, where the judgment was reversed and proceedings stayed, until the accounting required by the judgment of 1872 could be taken and the rights and liabilities of the parties ascertained and settled.    *Held*, that the determination of the General Term was the proper disposition to be made of the case.

*William A. Beach* for appellant.

*John K. Porter* for respondent.

DANFORTH, J.  reads for affirmance.
All concur.
Judgment affirmed.